Wednesday, March 30. The Judges delivered their opinions.
Judge Tucker.
This was a motion made in the General Court, in behalf of the Commonwealth, to direct the clerk to issue a venditioni exponas to the present sheriff of Stafford; the object of which was to command him to expose to sale the lands of Hewitt, which had been taken in execution by William Philips, a former sheriff now deceased,- on which execution, Philips had made a return, “ no “ sale for want of bidders.” After which, to wit, in January, 1803, another writ of venditioni exponas had issued, directed to the sheriff, of Stafford, upon which Fieldin', the then high sheriff made a return,. “ that he advertised the “lands and tenements therein named for sale, and that Eliza- “ beth Philips, executrix of William Philips deceased, late “ sheriff, at the time and place met the sheriff and deliverpd “ all the right she might have Unto the said lands and tene- “ menta, which he offered for sale, and there was no sale for want of bidders.”
This motion was founded upon the act of 1801, c. 12. directing the mode in which property under execution, *185 and in possession of a sheriff at the time of his death shall be sold. It was contended that this act did not apply to cases existing before the act; without deciding upon that point, I was inclined to think, that if lands be comprehended under the word property, the delivery thereof by the executrix of the late sheriff, to the succeeding sheriff, who proceeded to offer it for sale, removed all objections upon that ground; since the only controversy that could arise upon the operation of the law, must have been between those parties. I should therefore, probably, have thought the objection not sustainable upon that ground only.
But I doubt whether this case is brought properly before the Court; it was an ex parte motion, not, as I conceive^ against Hewitt; nor does he appear to have contested it; I doubt therefore, whether it was competent for the Attorney-General to appeal from the decision of the General Court upon that motion — or if he could, whether Hewitt can be considered as a party opposing it, and liable for costs.— And as I entertain these doubts, upon both points, I submit to the opinion of the other members of the Court.
Judge Roane.
As to the objection suggested during ¡he argument, and now doubted upon, by the Judge who preceded me, that there are not proper parties to justify the appeal in the present case, I think there is nothing in it. There was a controversy depending between the Commonwealth and Hewitt; which must be considered as depending, until consummated by means of the execution. This principle is avowed in Hendricks, &c. v. Dundass (a) and has been acted upon in various other cases. In that case an execution and replevy bond was quashed on the motion of the plaintiff, of which motion no notice is shewn to have been given to the defendant; and in the same case(b) another execution between the same parties had. been previously quashed on the motion of the defendant. It would seem to follow that an equal right exists to procure the ema? *186 nation of an execution by the order of the Court, where the-Clerk refuses to issue it, (and that without notice,) as to set aside one already issued ; and that an erroneous opinion of the Court in such case might be carried to a superior Court by appeal,
As t.q the merits of the case," it is said that the act of 1801, affects merely the remedy apd not the rights of the parties ; and that it has often been decided here, that the, Legislature may act retrospectively in the case of remedies. If this be admitted it proves nothing in the present case, unless it be further shewn that the Legislature has in fact done so. It must be confessed, however, that the boundary line in relation to this subject cannot easily be drawn; and it is also well known, that this point has not been so far settled by this Court without considerable controversy, and encountering much strength of argument. We must consider that the Legislature were apprised of the just objections which exist in the case; and, in forming a con■struction in a doubtful case, this, circumstance will have its due weio-ht.
It is argued in the present case, that an intention to embrace past cases is inferable from the doubts stated, in the preamble of the act, which are admitted to relate to cases of property, already taken in execution ; and it is said to be the. general construction that the remedy provided by an enacting clause, is to be co-extensiye with the evil it professes to. remedy. While this general position is admitted, it is believed that a preamble cannot extend or restrain the. operation of the enacting clause, when its meaning is expressed in clear and unambiguous terms,(a) This I take to be the case in the present instance.
The act in question was passed the 19th of January, 1802, and commenced in force, from and after the passing thereof. This circumstance alone (although it applies to most statutes, and is, in truth, only a reiteration of the general principle that laws, in their nature, are only prospective) Would go a good way to' repel a retrospective construction. *187 If the clause in the act relating to its commencement was izicorporated into the enacting clause in question, but little doubt could exist on the subject, and I will consider it as if it were so incorporated; that clause would then run thus : “ Be it enacted, that from and after the passing of “ this act, in all cases in which a sheriff, or other officer; “ taking property in execution shall die, it shall be lawful,” &c. It certainly can make no difference in what part of the statute the clause prescribing its commencement is to be, found; and this clause is to be considered as if it were set nut and repeated in every distinct section of the act. — ■ Therefore, upon this foundation; upon that of the general nature of acts, in relation as well to remedies as rights,, which áte prospective only j and upon the very words of this enacting clause, which are more properly future than past, I am of opinion that it only extends to future cases. The language of the preamble is too weak to resist the effect of these combined considerations : The attention of the Legislature, it would seem, was called to this subject, by doubts respecting past cases; but when it came to enact upon the subject, it confined its provisions to future cases; It was probably sensible of the objections which exist against retrospective laws, and therefore was unwilling to depart from the general principle; even in relation to this remedy, as far as we can judge from the act itself. The words of the enacting clause do not admit of any doubt or ambiguity io justify an enlarged construction, by reason of the language of the preamble; It is here to be remarked, that in the cases in general, in which the elfeet of the enacting clause has been enlarged of restrained by the preamble, the construction related hot to this question of prospective, or retrospective operation: But, taking the prospective doctrine as admitted, those cases related merely to the questions upon the subject matter of which the Legislature were acting. In those cases, therefore, •One part of a statute was merely construed by reference, to another, by taking a general flew of the whole act: but *188 there was no 'great principle in those cases, as in'this, tumsca^e ín favour of the enacting clause; the principie Ijnow mean results, (as is before said,) both, from the general nature of laws, and the pai'ticular time assumed by the act itself for the commencement of its operation. Even this principle may be overruled in relation to remedies, by the clear and expressed intention of the Legislature ; but in a case of doubt or ambiguity it must prevail.
I am of opinion that the judgment be affirmed.
Judge Fleming.
It appears to me that the act passed the 19th of January, 1802, under which the motion for a Venditioni exponas, now the subject of discussion, was made, had a prospective and not a retrospective operation; Construing it in the same manner as if the last clause, respecting the time of its commencement had stood in the forepart of the first enacting clause; as has been noticed by the Judge who last gave his opinion.
Under that act the venditioni exponas of the 27th of January, 1803, also-issued: which was by the general Court quashed at the time the one now before us ivas moved for: on the ground, I suppose, (though the reason is not stated in the record,) that the act under which it issued, had no retrospective operation.
That opinion appeai-s to me correct, and ought to be affirmed.-
By the whole Court, (absent Judge Lyo-ns,) the judg-' ment of the General Court affirmed.

 3 Wash. 54.

 1 Wash. 93.

 6 Bac. Abr. Gwil. ed. 386, 387. and the cases there cited.